TICONDEROGA GRANGE No. 1130, PATRONS OF HUSBANDRY, et al., Respondents, v. CLINTON COUNTY NEW YORK PATRONS FIRE RELIEF ASSOCIATION, Appellant.

Third Department, November 22, 1944.

*Robert S. Long*, attorney for appellant.

*W. W. Bullis*, attorney for respondents.

BLISS, J. This action is brought to recover on a fire insurance policy issued to the plaintiff Grange by the defendant, insuring the Grange Hall. The policy was issued on November 28, 1940,

for a term of three years. It contained the usual provisions that the company should not be liable for any loss occurring while the insured had other insurance unless otherwise provided by an agreement in writing. On January 1, 1943, the plaintiff Grange procured another fire insurance policy on its Grange Hall to run for a period of three years. The policy which the plaintiff held with the defendant was solicited and delivered by a director-agent of the company. When the policy was solicited, the local director-agent obtained and approved the application and accepted payment of the premium. Soon after the plaintiff obtained other insurance this director-agent learned such fact and that the Grange intended not to renew its policy with him. He then discussed the matter with the master of the Grange and was told that the rate was lower on the other policy. The director then stated that he would like to rewrite the policy in his association, that he thought he could rewrite it at half the rate and that the policy then in existence would remain in force until November, 1943. The fire occurred on April 7, 1943.

Under its by-laws the corporate powers of the defendant are exercised by twenty-eight directors who have the management of its affairs and are its only authorized insurance agents. Each director solicits insurance for the defendant from the membership of the local Grange of which he is a member and each was authorized to issue policies of insurance, signed by the president and secretary, agreeing in the name of the association to pay all damage not exceeding the amount insured. These directors were compensated for their services by the association.

The trial court submitted to the jury the question of a waiver by the defendant's director-agent of the policy provisions against coinsurance, and the jury found in favor of the plaintiffs. We see no reason to disturb this finding. This was not the usual fire insurance agent. Instead, he was a director and agent as well. The directors were authorized by the by-laws to issue policies and to approve the applications. The policies were actually signed by the president and secretary, practically as a matter of form. It was the approval by the director-agent that controlled. Under these circumstances he was authorized to waive the policy provision against coinsurance and the policyholder was entitled to rely upon his assurance that the policy would continue in effect until its expiration date.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed, with costs. [See *post*, p. 1072.]